McELROY et al. v. MANHATTAN RY. CO. et al.

(Supreme Court, Appellate Division, First Department.    June 5, 1896.)

1. ELEVATED RAILROADS—ABUTTING. PROPERTY—RENTAL DAMAGES.

In an action to recover fee and rental damages arising from the construction and operation of an elevated railroad in front of plaintiff's premises, rental damages will not be awarded where the diminution in rents is sufficiently accounted for by the fact that the buildings were old, and that their increasing dilapidation from year to year rendered them undesirable.

2. SAME—FEE DAMAGES—WHEN ALLOWED.

In such case, where it appears that there are three columns in front of plaintiff's premises; that there are three tracks over which trains are run quite frequently; that other property in the locality has increased with greater rapidity than has plaintiff's; and that the interference with the easements of light, air, and access is an impediment to the improvement of plaintiff's property,—fee damages will be awarded.

Appeal from special term, New York county.

Action by Daniel S. McElroy and others against the Manhattan Railway Company and the Metropolitan Elevated Railway Company for fee and rental damages arising from the construction of defendants' road.    From a judgment in favor of plaintiffs, defendants appeal.    Modified.

Argued before VAN. BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

George T. Aldrich, for appellants.

Henry A. Forster, for respondents.

VAN BRUNT, P. J.    This action was brought to recover fee damage and rental damage arising from the construction and operation of the elevated railroad on Ninth avenue in front of the premises Nos. 440, 442, 444, 446, and 448 Ninth avenue.    Damages were also claimed for the premises No. 378 West Thirty-Fifth street, but they were waived upon the trial.    The premises in question are situated on the southeast corner of Ninth avenue and Thirty-Fifth street, having a frontage of 98 feet on Ninth avenue, and the total depth of the plot being 80 feet.    The court below awarded $5,000 as fee damages and $1,500 as rental damages.    The buildings erected upon the lots in question are old and dilapidated, and add nothing to the salable value ot the land.    A larger rental is received because of the existence of the building than would be received from the lots alone. Upon an examination of the evidence in this case it is apparent that from the nature of the improvements upon the premises it cannot be said that any rental damage has been sustained by the existence and operation of the defendants' road.    The usual evidence in regard to smoke and cinders and light was given, and also evidence showing a diminution in the rental value of the premises.    This, however, may very well be accounted for by the fact of the increasing dilapidation of the premises, they thus becoming more undesirable, and vacancies in them more numerous.    It appears that from 1874 to 1876 each of the plaintiffs' houses was rented to a single tenant, and that losses of rent in consequence of the premises being vacant were not

so numerous. Since that time the premises have been rented in floors to many small tenants, and it is claimed to be owing to the existence of the elevated road shortly after this time that this change was made. But it appears from the evidence in the case that with respect to at least a part of the premises a tenant was in 1876 considerably in arrears in his rent, and that the landlord took it off the tenant's hands, and proceeded to rent it in floors, which change does not seem in any way to have been caused by the elevated road. An examination of the evidence upon this point fails to establish that any of the losses of rent alleged to have occurred were due to the maintenance and operation of the road. In regard to the fee damage, there is probably a better basis for the sustaining of the judgment. The road in front of the plaintiff's premises has three tracks. There are three columns in front of the property, and trains run quite frequently. It is claimed that at the present time trains do not run during the night. But it is impossible to conjecture how soon such an innovation may be made. The evidence shows that the property in question has undoubtedly improved considerably in value since the erection of the elevated railroad. But it also appears upon an examination of the evidence that adjoining property has increased to a much greater extent. Property in this locality would naturally, with the increase of the city, become more valuable, and this would have been the case whether the elevated railroad had been erected or not; and when we find adjoining property increasing with greater rapidity we think the conclusion of the court below that the road was a detriment to the property in question was well founded. The interference with its easements of light, air, and access is undoubtedly an impediment to the improvement of the property, and renders the lots less valuable for that purpose. We do not think, however, that the evidence justified an award of $5,000 for injury to the land by reason of the taking of the easements in question, and the award should be reduced to $4,000.

The judgment should be modified by striking therefrom the rental damages, and reducing the award for fee damage to $4,000, and, as so modified, affirmed, without costs. All concur.