McDONALD, Respondent, v. WESTCHES-TER ELECTRIC RY. CO., Appellant. (Supreme Court, Appellate Division, Second Department. June 8, 1897.) Action by Lawrence McDonald against the Westchester Electric Railway Company. No opinion. Judgment and order unanimously affirmed, with costs.

McDOWELL, Respondent, v. DECKER et al., Appellants (two cases). (Supreme Court, Appellate Division, Second Department. June 8, 1897.) Actions by John McDowell against John P. Decker and others. No opinion. Judgments affirmed, with costs. See 42 N. Y. Supp. 1127.

McELROY et al. v. MANHATTAN RY. CO. et al. (Supreme Court, Appellate Division, First Department. May 7, 1897.) Action by Daniel S. McElroy and others against the Manhattan Railway Company and others. No opinion. Motion granted. See 39 N. Y. Supp. 497, 1128.

McKIM, Respondent, v. MANHATTAN RY. CO., Appellant. (Supreme Court, Appellate Division, First Department. May 14, 1897.) Action by Henry R. McKim against the Manhattan Railway Company. Julien T. Davies, for appellant. John M. Bowers, for respondent.

INGRAHAM, J. This case was tried with the case of Winthrop v. Railway Co. (decided herewith) 45 N. Y. Supp. 545, and presents precisely the same questions. For the reasons stated in Winthrop v. Railway Co., the judgment appealed from is affirmed, with costs.

McMAHON, Respondent, v. JACOB et al., Appellants. (Supreme Court, Appellate Division, Second Department. June 29, 1897.) Action by John McMahon against Christian A. Jacob and others. No opinion. Judgment and order reversed, and new trial granted, costs to abide the event, upon condition that within 20 days the appellants pay the respondent the trial fee and the disbursements of the trial. On failure to comply with such conditions, judgment and order affirmed, with costs. All concur, except GOODRICH, P. J., dissenting.

In re McREYNOLDS. (Supreme Court, Appellate Division, Second Department. June 29, 1897.) In the matter of the application of William E. McReynolds. No opinion. Let the applicant appear at the chambers of the court at 2 o'clock in the afternoon, on any day during the present term.

MAGUIRE, Appellant, v. DREHER, Respondent. (Supreme Court, Appellate Division, Second Department. April 26, 1897.) Action by Charles E. Maguire against Christian W. C. Dreher. No opinion. Application denied. Welsh v. Darragh, 52 N. Y. 590, is authority for the proposition that the county court had the power to refer the action. Stebbins v. Cowles, 30 Hun, 523, is authority for the proposition that this court should not review the discretion of the county court.

In re MARSHALL et al. (Supreme Court, Appellate Division, Second Department. June 22, 1897.) In the matter of the judicial settlement of the account of Stephen Duncan Marshall and another, trustees, etc., of Levin R. Marshall, deceased. George M. Marshall, an incompetent person, appeals. No opinion. Motion to resettle order denied, without costs. See 45 N. Y. Supp. 956.

MARTIN, Appellant, v. MOORE et al., Respondents. (Supreme Court, Appellate Division, Second Department. June 15, 1897.) Action by A. L. Martin against Helen Moore and others. No opinion. Motion denied, with $10 costs. See 39 N. Y. Supp. 1128.

In re MASHBIR. (Supreme Court, Appellate Division, First Department. July 2, 1897. In the matter of the charges of the association of the bar against Eliaxer S. Mashbir. No opinion. Reference ordered.

MATTHEWS v. STUDLEY. (Supreme Court, Appellate Division, First Department. July 2, 1897.) Action by Adeline B. Matthews against Edwin B. Studley. No opinion. Motion denied. See 45 N. Y. Supp. 201.

MATTHEWS v. STUDLEY et al. (Supreme Court, Appellate Division, First Department. June 11, 1897.) Action by Adeline S. Matthews against Edwin B. Studley and others. No opinion. Motion denied, with $10 costs. See 45 N. Y. Supp. 201.

MAUJER, Respondent, v. BARNUM, Appellant. (Supreme Court, Appellate Division, Second Department. April 26, 1897.) Action by Daniel Maujer against Amelia A. Barnum. No opinion. Judgment and order affirmed, with costs. Motion to dismiss appeal from order refusing to vacate attachment granted.

MENCKEN, Respondent, v. NURGE, Appellant. (Supreme Court, Appellate Division, Second Department. April 26, 1897.) Action by Henry Mencken, Jr., against Christian Nurge. Daniel Noble, for appellant. W. J. Foster, for respondent.

PER CURIAM. The plaintiff alleges that he sold the defendant a quantity of building materials for a house which was being erected by one Murphy for the defendant under contract. Murphy had ordered some of the materials, and the plaintiff testified that he called on the defendant, and stated that he did not know anything about Murphy's responsibility, and asked whether the defendant would be responsible for the goods ordered by Murphy, and that the defendant answered that he would. Another witness corroborates this or a similar statement made by the defendant, while the defendant distinctly denies that he made any such promise. Here was conflicting evidence on the only issue raised by the pleadings, and the learned court specifically charged the jury that the question to be decided by them was whether the defendant did or did not make the promise to pay for the materials in question. The jury found for the plaintiff, and we cannot disturb their verdict. We find no er-