### In re OSTRANDER.

#### (District Court, E. D. New York. June 24, 1905.)

BANKRUPTCY—DEBTS RELEASED BY DISCHARGE—MEDICAL SERVICES FURNISHED TO WIFE OR CHILD.

The provision of Bankr. Act July 1, 1898, c. 541, § 17a, cl. 2, 30 Stat. 550, as amended by Act Feb. 5, 1903, c. 487, § 5, 32 Stat. 798 [U. S. Comp. St. Supp. 1903, p. 411], excepting from the debts released by a discharge of a bankrupt "liabilities * * * for maintenance or support of wife or child," does not apply to a debt for medical attendance furnished to the wife or child of the bankrupt at his request, and while the normal family relations subsist between him and the recipient of the services.

In Bankruptcy.

J. Tilden Cruser, for bankrupt.

Backus & Lewis, for creditor.

THOMAS, District Judge.    It is considered that the words in section 17a, cl. 2, Bankr. Act July 1, 1898, c. 541, 30 Stat. 550, as amended Act Feb. 5, 1903, c. 487, § 5, 32 Stat. 798 [U. S. Comp. St. Supp. 1903, p. 411], "for maintenance or support of wife or child," do not refer to a debt incurred for the services of a physician called by the husband to attend the wife while she is in normal relation to her husband.    If so, a person supplying goods for a wife or child or rendering a service necessary for support or maintenance, at the request of the husband, without delinquency on his part, would be beyond the scope of the act.    The grocer, the marketman, clothiers of all descriptions, physicians, dentists, in fact all who, by service or sale, contribute to the support of the family, and thereby to the support of a wife or child, would have claims not dischargeable under the act.    The provision has probable application to cases where the person applying for discharge from his debts had so betrayed his moral and legal duty as a husband or parent that another was justified in providing the maintenance and support denied by the one upon whom the law places the primary duty.    Without attempting to define the limits of the section, it is held that it does not apply to medical attendance furnished upon the express or implied contract of the husband or parent to pay therefor while the recipient is a member of the family, and while there is no breach of duty on the part of the person contracting the debt toward the one receiving the service.