(112 App. Div. 384)

SCHELLENBERG et al. v. MULLANEY.

(Supreme Court, Appellate Division, Second Department. April 20, 1906.)

BANKRUPTCY—LIABILITIES—EXCEPTIONS—GOODS USED BY FAMILY OF BANK-
RUPT.

Under National Bankruptcy Act, § 17, as amended by Act Feb. 5,
1903, c. 487, § 5, 32 Stat. 798 [U. S. Comp. St. Supp. 1905, p. 684], ex-
cepting, among others, "liabilities * * * for alimony due or to be-
come due, or for maintenance or support of wife and child," from dis-
charge does not refer to liabilities for goods purchased by the husband
or parent, and used by wife or child, and a discharge in bankruptcy dis-
charges a debt incurred for such goods.

Appeal from Trial Term.

Action by Nathan Schellenberg and another against Michael Mul-
laney. From a judgment for plaintiffs, defendant appeals. Reversed.

The complaint is for goods sold and delivered to the defendant, and
alleges that the goods were clothing which were used by the defend-
ant's children, and that they were necessaries for the said children, and
this was all admitted at the trial.

Argued before HIRSCHBERG, P. J., and HOOKER, GAYNOR,
RICH, and MILLER, JJ.

William J. Courtney, for appellant.
Edward Lazansky, for respondents.

GAYNOR, J. The defendant's subsequent discharge in bankruptcy
was held by the justice not to discharge him from this debt. This was
error. Section 17 of the national bankruptcy act as amended in 1903
(Act Feb. 5, 1903, c. 487, § 5, 32 Stat. 798 [U. S. Comp. St. Supp.
1905, p. 684]) excepts among others, "liabilities * * * for alimony
due or to become due, or for maintenance or support of wife and child,"
from discharge. This last clause refers only to the involuntary liability
under the common law for support of wife and children, and to any
one who relieves their want; and under bonds, or the like, given for
such support by requirement of courts and magistrates. It does not
refer to liabilities for goods purchased by a husband or parent, as in
this case, and used by wife or child. This latter fact does not change
the character of the debt. The purchaser was free to do what he liked
with the goods. They were a matter of free bargain and sale (Collier
on Bankruptcy, p. 199).

The judgment should be reversed.

Judgment of the Municipal Court reversed, and new trial ordered; costs to
abide the event. All concur.