### In re SULLIVAN.

#### (District Court, N. D. New York. January 12, 1920.)

BANKRUPTCY ⬤�439421(1)—NONSUPPORT BOND TO SECURE PAYMENTS BY HUSBAND CREATED PROVABLE AND DISCHARGEABLE DEBT.

    A bond executed by bankrupt, securing the making of semimonthly payments by a brother for 10 years for the support of the brother's wife, *held* to create a debt provable and dischargeable in the bankruptcy proceeding; Bankruptcy Act, § 17(2), Comp. St. § 9601, not applying.

In Bankruptcy. In the matter of Peter Sullivan, bankrupt. On motion to vacate stay of suit against bankrupt. Denied.

P. H. Fitzgerald, of Utica, N. Y., for petitioner.
D. H. O'Brien, of Port Leyden, N. Y., for bankrupt.

CHATFIELD, District Judge. The bankrupt executed a bond in the penal sum of $100 as security for the payment by the bankrupt's brother of the sum of $10 every two weeks for 10 years to his wife, who had caused his arrest for nonsupport. But one payment was made thereon, and the wife then brought suit against her husband, as principal, and the bankrupt, as surety, upon this bond, upon September 23, 1919. The bankrupt filed his petition, reciting this bond of $100 as his only debt upon the 16th of October, 1919, and has obtained from the referee in bankruptcy in this district a stay pending further order of this court. The present application is to vacate this stay.

The parties raised no issue as to the general facts of the case. The bankrupt alleges, upon the present motion, that his brother has allowed his wife to obtain a divorce and they are in collusion in allowing the wife to collect the amount of this bond from her brother-in-law. The wife, on the other hand, claims that the bond is not dischargeable, in-

asmuch as the debt was incurred for the support of a wife and child, and that the discharge of such obligations in bankruptcy proceedings is against public policy and cannot be allowed, unless plainly included within the scope of the bankruptcy statute. This latter claim is based upon a well-known proposition and must be divided into two parts. In the first place, a doctrine of law which is contrary to public policy cannot be upheld; but, if this doctrine of law, through changed conditions, becomes enacted into statute, the statute cannot be held void if the legislating body has power to determine what the law shall be without reference to matters of public policy, or to establish by the enactment of this legislation what shall be the policy in that particular regard.

The Bankruptcy Law (Comp. St., §§ 9585–9656) is a statute of this sort. Congress had the power to legislate so as to relieve a debtor from an obligation that might have been required of him under the public policy of the state. But where public policy requires certain obligations, and a statute is passed to relieve from or limit those obligations, the statute should be construed strictly. The limitation should not be extended beyond the clear statement of the statute. In the case at bar the language of the statute is as follows:

Section 17: "A discharge in bankruptcy shall release a bankrupt from all of his provable debts except such as * * * (2) are liabilities * * * for maintenance or support of wife or child. * * *" Comp. St. § 9601.

Subdivision (2) was added by the amendment of 1903, after the decisions of In re Hubbard (D. C.) 98 Fed. 710, and Dunbar v. Dunbar, 190 U. S. 345, 23 Sup. Ct. 757, 47 L. Ed. 1084. This evidently refers to the bankrupt's wife or child, and such debts are now not dischargeable, whether provable or not. But in the case at bar the form of the bond and the fact that it was given as security to a private party shows that the debt is not for breach of public duty, but for failure to meet a contract of guaranty.

It must be held that section 17 of this statute is not broad enough in language to expressly include in the exceptions a debt such as that now under consideration, if no other part of the statute prohibits that result. Debts due the United States or due a municipality have priority. Taxes are not dischargeable. An obligation upon a bail bond to produce a defendant in court would, if reduced to judgment or treated as a liquidated debt, be dischargeable in bankruptcy; but the United States or the state would have priority in distribution in so far as the assets might be available therefor. Public policy merely requires that the sovereign shall be protected, it does not provide or require that debts to the public, except taxes, shall be nondischargeable. It is for this reason that taxes are made liens upon property.

Under these circumstances it would seem that a penalty provided for in a bond to secure a private individual must be treated as a debt, when the condition of the bond has been met so that the obligation is payable. Unless the bond is so worded as to give the sovereign priority, it is of no higher rank than an obligation to pay an annuity or any other item which is necessary for the support of an individual. In the case at bar the support of the wife and child may have been re-

quired so as to protect the public, but the public could not collect upon this bond, or sue therefor, except in the name of the mother (the plaintiff in the action), to whom the bond ran. The possibility that the mother or child might become a public charge would be a sufficient motive for excepting such debt from the bankruptcy statute, if that motive so appealed to Congress; but the present bankruptcy statute does not in terms so provide, and a debt of this sort must be held provable, and therefore dischargeable.

The motion to vacate the stay will be denied, pending application for a discharge and determination thereon, or the expiration of the period to apply for such discharge.