In re MEYERS.

(District Court, W. D. New York. April 26, 1926.)

Bankruptcy ⟨⟩421 (5)—Judgment against bankrupt for maintenance of wife after abandonment not a debt dischargeable in bankruptcy (Bankruptcy Act, § 17 [2], being Comp. St. § 9601).

Under Bankruptcy Act, § 17(2), being Comp. St. § 9601, a judgment recovered against bankrupt for maintenance and care of his wife when ill and after he had practically abandoned her and refused such maintenance and care, is not a debt dischargeable in bankruptcy, and its enforcement will not be enjoined.

In Bankruptcy. In the matter of William F. Meyers, bankrupt. On motion to restrain enforcement of judgment against bankrupt. Denied.

Florence Farrington, of Buffalo, N. Y., for bankrupt.

Lawrence, Lathrop & Whiting, of Buffalo, N. Y. (Thomas E. Lawrence, of Buffalo, N. Y., of counsel), for claimant.

HAZEL, District Judge. The bankrupt, a man about 30 years of age, is a fireman on a railroad and earns about $200 a month. Shortly after his marriage in 1924, his wife became ill and was obliged to go to the hospital, and, after leaving it, she went to the home of claimant, because, as she avers in her affidavit, the bankrupt, her husband, refused to support her. She was boarded, nursed, and maintained by claimant until March, 1925. She also states, in her affidavit dated April 17, 1926, that her husband had provided no home for her when she left the hospital, and in this emergency she was obliged to live with claimant, who charged her $7 per week for board and maintenance. Afterwards the bankrupt paid $7 on account, but the balance of $81.94 he refused to pay, and filed his voluntary petition in bankruptcy. Before bankruptcy a judgment was recovered against him for the amount due, on which a garnishee execution was issued.

This motion is to restrain payments on the garnishee execution on the sole ground that, under section 17 of the Bankruptcy Act (Comp. St. § 9601) the debt is dischargeable. By subdivision 2 of section 17 it is provided that a discharge in bankruptcy shall release a bankrupt from all his provable debts except liabilities " * * * for alimony due or to become due, or for maintenance or support of wife or child." This provision has been construed as not including a liability for goods purchased for use of wife or child, nor for medical attendance or board furnished to wife or child, upon the express or implied contract of the husband. This exclusion, however, does not release him from liability for maintenance and support of his wife, where the evidence discloses a practical abandonment of the wife by the husband, whose moral and legal duty it was to support her.

The claim in question does not arise from any contract or business transaction, or a debt incurred while normal relations existed between husband and wife. In re Vadner (D. C.) 259 F. 614, 42 Am. Bankr. Rep. 465. The husband having refused to support his wife or provide a home for her, as shown by the affidavit of his wife and also the affidavit of claimant, the latter was justified in providing the support denied by the husband. In re Ostrander (D. C.) 139 F. 592, 15 Am. Bankr. Rep. 96. It was the unquestionable duty of the husband to support and maintain his wife during her entire illness, and, having refused to do so, the liability established by the judgment, in my opinion, comes within the excepted provision. He was not relieved from this duty by notifying claimant that he would not be responsible for her bills while at claimant's home.

Nor am I inclined to accept the second version of the wife, contradicting her first affidavit, in relation to her husband refusing to support her or furnish her with a home. It is therefore held that the claim of the judgment was not dischargeable in bankruptcy. It was not incurred upon an express or implied contract of the husband to pay therefor, but arose out of an involuntary liability and primary duty growing out of the marriage relation.

So ordered.