### In re LO GRASSO.
### No. 27935.

District Court, W. D. New York.

May 4, 1938.

Samuel Privitera, of Silver Creek, N. Y., for bankrupt.

Thomas P. Heffernan, of Dunkirk, N. Y., for judgment creditor.

KNIGHT, District Judge.

Motion is made on behalf of the bankrupt for an order restraining St. Mary's Home and School of Dunkirk, N. Y., a judgment creditor, from enforcing a garnishee execution against the wages of the above bankrupt.

On or about May 4, 1926, the bankrupt entered into two agreements with St. Mary's Home and School of Dunkirk, N. Y., for the maintenance by that institution of two of his infant children at the rate of $4 per week for one, and at the rate of $3 per week for the other. There were defaults in payments agreed—altogether there was paid the sum of $524. On October 26, 1935, St. Mary's Home and School obtained a judgment in the County Court of Chautauqua county, N. Y., for the sum of $2,804.43 against the bankrupt by default. The judgment is based upon the agreements aforesaid. No part of this judgment has been paid, and the judgment creditor opposes the granting of an order restraining the garnishee aforesaid upon the ground that by virtue of the provisions of section 17 of the Bankruptcy Act, 11 U.S.C.A. § 35, this judgment is not dischargeable.

The motion must be granted, section 17, subdivision (2) of the Bankruptcy Act, U.S.C.A., title 11, c. 3, § 35, was not intended to include a liability upon an agreement made by a parent to pay for the support and maintenance of his children. It was intended to include liability where a parent had failed or refused to make provision for maintenance and such was furnished by another. The distinction is pointed out in the opinion of Judge Hazel in this District in Re Meyers, 12 F.2d 938 in this language: "This provision has been construed as not including a liability for goods purchased for use of wife or child, nor for medical attendance or board furnished to wife or child, upon the express or implied contract of the husband. This exclusion, however, does not release him from liability * * * where the evidence discloses a practical abandonment * * * by the husband whose moral and legal duty it was to support her."

The language "for maintenance or support of wife or child" of section 17, subdivision (2), supra, refers only to the involuntary liability under the common law for support of wife and children. It does not cover liability to third parties for neces-

saries furnished for them. Vide, also, 7 C. J. page 399 (20a); 8 C.J.S., Bankruptcy, § 570, page 1512, and cases cited; Remington on Bankruptcy, 4th Ed., vol. 7, § 3558, page 787; Schellenberg v. Mullaney, 112 App. Div. 384, 98 N.Y.S. 432, 16 A.B.R. 542; In re Ostrander, D.C., 139 F. 592, and In re Sullivan, D.C., 262 F. 574.

Motion granted.