10 N.J. Super. 391 (1950)
76 A.2d 726
GERTRUDE S. LEIB, PLAINTIFF,
v.
LEON AUERBACH, DEFENDANT.
Superior Court of New Jersey, Hudson County Court Law Division.
Decided November 10, 1950.
Mr. John E. Toolan, for the plaintiff (Mr. Robert Moers, of the New York Bar, on the brief).
Mr. Sigmund Auerbach, for the defendant (Mr. Murray Greiman, on the brief).
ZIEGENER, J.C.C.
This matter is before the court on motion of the defendant for summary judgment, on the ground that he has been discharged in bankruptcy, and said discharge results in the elimination of liability to the plaintiff.
*392 Plaintiff is a sister-in-law of the defendant, and individually maintained defendant's daughter, Vivian, from June 26, 1938, before which time Vivian was cared for by her grandmother and plaintiff, after the death of defendant's wife. This suit is to recover the expenses and costs incurred by plaintiff in maintaining defendant's daughter, Vivian.
After this action was instituted, defendant filed a petition in bankruptcy, listing the claim sued upon, and on September 11, 1950, obtained a discharge.
The complaint contains two counts, one upon an express oral contract and the other upon a quantum meruit. Plaintiff contends that the debt is not dischargeable in bankruptcy because section 17(a)2 of the Bankruptcy Act (U.S. Code 11, § 35(a)2) states "that `liabilities for maintenance or support of wife or child' are debts not affected by a discharge."
Dunbar v. Dunbar, 190 U.S. 340 (1903), is cited by both parties. This case holds that under said section of the Bankruptcy Act a debt under a written agreement between husband and wife, for the support of children is not dischargeable. Defendant argues that this rule applies only between husband and wife, and not to a third person, such as the child's aunt, in this case. The Dunbar case points out that although there was an agreement to support a child this obligation cannot be evaded because of the existence of the agreement, by a discharge in bankruptcy.
Defendant also relies upon the case of In re Lo Grasso, 23 F. Supp. 340 (D.C., N.Y.), in which a father had agreed to pay a religious home for the maintenance of his children, and the court held that the debt was dischargeable in bankruptcy. It appears that the said home did not stand in loco parentis, while in this case, the plaintiff contends that she was in that position both by agreement and acts. Being in loco parentis, she comes within the ruling in the Dunbar case, which holds that such a promise constitutes the parent as agent for the purpose of supporting minor children.
I find that the debt described in the complaint is not dischargeable in bankruptcy, and therefore the application for summary judgment is denied.