## WILLIAMS v. THE COLLEGE CORNER AND RICHMOND GRAVEL ROAD COMPANY.

PLEADING.—*Complaint to Recover Penalty of Corporation.*—In an action against a corporation to recover the penalty provided by statute for refusing an inspection of the stock book of the company, the complaint must show that the officer upon whom the demand for inspection was made had notice that the person making the demand was entitled to the inspection.

From the Union Circuit Court.

*J. C. McIntosh*, for appellant.

*B. F. Claypool*, for appellee.

OSBORN, J.—The appellant sued the appellee to recover a penalty for refusing inspection of the stock book of the company.

The complaint is in two paragraphs. The first alleges that the plaintiff is a stockholder and the owner of forty-four shares of the capital stock of the company; that being desirous of examining the books of the corporation, he called upon Peyton Brown, its secretary, who had the custody of all the books of the company, during the business hours and at the office of the company, where the books were kept, and demanded inspection of the book containing the names of the stockholders, for the purpose of taking extracts therefrom, and that the secretary and company refused such inspection. The second paragraph alleges that, being a stockholder of the corporation, he called upon the

company during its business hours, and "demanded for inspection the stock book of said Peyton Brown, who was then and there one of the directors of said corporation and the secretary of said company in charge of said book, but said plaintiff was by him refused the right of inspecting the same."

A joint demurrer was filed to both paragraphs, on the ground that they did not state facts sufficient to constitute a cause of action. The demurrer was sustained. The appellant excepted, refused to amend, and final judgment was rendered against him.

The error assigned is in sustaining the demurrer.

The action is brought to recover the penalty given by sec. 11, 1 G. & H. 270. Section 10 provides that corporations shall keep at their office or principal place of business a book containing the names of the stockholders thereof, alphabetically arranged, showing their respective places of residence and number of shares held by them severally, and the time they became the owners of the same, which books shall, at all business hours of the company, be subject to the inspection of creditors, stockholders, or their representatives who shall be permitted to take extracts from the same. Sec. 11 declares that any company failing to keep the books to make the entries required, or to exhibit the same, as required in the preceding section, shall forfeit to the injured party a penalty of fifty dollars for every such instance of refusal or failure and all damages resulting therefrom.

We think the complaint defective in not averring that the officer of whom the demand was made had notice that the appellant was a stockholder. It is alleged that he was a stockholder, and that he demanded an inspection of the book for the purpose of taking extracts from it, but it is not alleged that the officer knew who he was, or that he made the demand as a stockholder. The statute is a penal one and must be construed strictly. It ought not to be extended by implication. It required the company to give an inspection of its books, to creditors and stockholders or their rep-

resentatives, and no one else, and we think that the penalty is not incurred for a refusal, unless the officer upon whom the demand is made has notice that the person making such demand is entitled to the inspection.

The judgment of the said Union Circuit Court is affirmed, with costs.