## McMAHON v. JACOB et al.

(Supreme Court, Appellate Division, Second Department. November 14, 1902.)

1. APPEAL—SUCCESSIVE VERDICTS FOR PLAINTIFF—EFFECT.

In an action to recover damages for the wrongful taking of a piano from plaintiff's possession, where the sole issue was whether the piano belonged to plaintiff or to his daughter, and two juries in succession found for plaintiff on substantially the same evidence, and the trial justices in each instance refused to set aside their verdicts, the court on appeal could not interfere with the second verdict as against the weight of evidence.

Appeal from trial term, Kings county.

Action by John McMahon against Christian A. Jacob and others. From a judgment for plaintiff, and from an order denying a new trial, defendants appeal. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

James L. Bishop (Clark Brooks, on the brief), for appellants.
Maurice V. Theall, for respondent.

WOODWARD, J. This action was brought to recover damages for the wrongful taking of a piano from the possession of the plaintiff. It was originally brought against the sheriff of the county of Kings, but the defendants above named have been duly substituted, and the action was tried as against them. The piano was taken to satisfy a judgment against the plaintiff's daughter, and the sole question at issue was the ownership of the piano. Upon this point there was a distinct conflict of evidence, and, while it may be that there was more evidence in support of the theory of the defendants, it cannot be

said that the theory of the plaintiff was not sustained by evidence, or that the weight of evidence is so far preponderating that this court, after a second verdict by a jury, would be justified in setting the judgment aside. On a former trial the jury found in favor of the plaintiff upon substantially the same evidence, and this court reversed the judgment upon terms, as against the weight of evidence (McMahon v. Jacob, 45 N. Y. Supp. 1144), and we are again asked to interfere with the verdict of the jury. The fact that a second jury has found for the plaintiff; that the learned justice presiding has refused, as did the justice presiding at the former trial, to set aside the verdict upon defendants' motion for a new trial,—are circumstances entitled to some weight in deciding the action of the appellate court upon the question whether there is evidence to sustain the verdict (Cole v. Coal Co., 87 Hun, 584, 591, 34 N. Y. Supp. 572, and authority there cited), and the record now before us shows evidence which, if credited by the jury, establishes ownership of the piano in the plaintiff. Two juries have believed the plaintiff's witnesses; there is no reason why a third jury might not properly reach the same conclusion; and it would serve none of the purposes of justice to permit a new trial.

The judgment and order appealed from should be affirmed, with costs. All concur.