## WINTRODE v CONNORS

Ohio Appeals, 8th Dist, Cuyahoga Co

No 18060. Decided May 12, 1941

A H. Heinrich, Cleveland, for plaintiff-appellant.

N. C. Bachner, Cleveland, for defendant-appellee.

## OPINION

By SKEEL, J.

This action is founded upon a contract between the plaintiff-appellant and the defendant appellee, whereby the plaintiff agreed to furnish support and care for the minor child of the defendant at the rate of One Dollar ($1.00) per day. The child remained with the plaintiff for a considerable period of time so that when the child was taken from the plaintiff by its mother there was a balance due upon the contract of $287.50. Thereafter $39.50 was paid on account, leaving a balance in March, 1939, of $248.00.

On June 7, 1939, the defendant filed a voluntary petition in bankruptcy in the United States District Court for the Northern District of Ohio, Eastern Division, in which petition the debt due the plaintiff was listed.

Thereafter, on the 13th of June, 1939, the plaintiff filed this action in the Municipal Court of Cleveland, asking judgment in the sum of $248.00 with interest from February 19, 1938. This cause was stayed upon motion of the defendant, pending the proceedings in bankruptcy. The defendant was granted a discharge in bankruptcy on September 28, 1939. The defendant filed her answer setting up as her defense her discharge in bankruptcy from all her debts, including the claim of the plaintiff.

The reply of the plaintiff admits that the defendant filed her petition in bankruptcy, which petition included in the schedule of liabilities the claim upon which the plaintiff's action is founded. The reply then denies that such debt is dischargeable in bankruptcy because of §17a (¶2) of the Bankruptcy Act as amended February 6, 1903. The provisions of the Bankruptcy Act, insofar as they have application to the question presented, are as follows:

"Sec. 17a. A discharge in bankruptcy shall release a bankrupt from all of

his provable debts * * * except such as
(1)　*　*　*
(2)　*　*　*　or for alimony due or
to become due, or for maintenance or
support of wife or child, * * *."

In Remington on Bankruptcy, 4th
Edition, Volume 7, paragraph 3558, at
page 787, we find the following comment on the scope of this section of the
Act:

"This provision (§17 of the Federal
Bankruptcy Act) does not cover liabilities to third parties for furnishing necessaries for the use of the wife or the
child while the normal family relation
continues."

The first judicial interpretation of
the amendment of 1903, is found in the
proceedings of In Re Astrander, 139
Federal 592, in which the dischargeability of debt due a physician for services furnished a wife at the instance
or request of the husband, was under
consideration.　The headnote of the
case is as follows: ·

"The provision of the Bankruptcy
Act * * * excepting from the debts released by discharge of a bankrupt, liabilities * * * for the maintenance or
support of wife or child, does not apply to a debt for medical attendance
furnished to the wife or child of the
bankrupt at his request and while the
normal family relationship subsists between him and the recipient of the
service."

And on page 592 of the opinion, the
Court, in enlarging on the rule set
forth in the headnote, says:

"The provision has probable application to cases where the person applying for discharge from his debts had so
betrayed his moral and legal duty as

a husband or parent that another was
justified in providing the maintenance
and support denied by the one upon
whom the law places the primary duty."

In the 14th Edition of Collier on
Bankruptcy, Volume 1, ¶¶ 17-19, page
1619, the author, in referring to §17a
(2) says:

"Such obligations were given the
same effect even prior to the amendment of 1903 when they were treated
as police regulations and therefore not
provable and hence not dischargeable."

"The above quoted portion of clause
(2) applies to the common law liability
involuntarily imposed upon a parent
for the support of wife or child.　'It
was intended to include liability where
a parent had failed or refused to make
provisions for maintenance and such
was furnished by another.'　It does not
include contracted liabilities for goods
purchased (although these be necessaries), medical attendance furnished
or board supplied by a parent for the
use and benefit of the wife or child."

A case directly in point, and referred
to as supporting the text just quoted,
is In Re LoGrassa, 23 Federal Supp. 340
(District Court, W. D. of N. Y.)　The
facts in this case were, briefly, as follows:

On or about May 4, 1926, the bankrupt entered into two agreements with
the St. Mary's Home and School of
Dunkirk, N. Y., for the maintenance
in that institution of two of his infant
children at the rate of $4.00 per week
for one and $3.00 per week for the
other.　In October, 1935, he was in default on the contract about $2800.00 and
such balance was reduced to judgment
and execution issued, and a motion filed
asking that the judgment creditor be
restrained from enforcing the judgment,—the debtor having gone through
bankruptcy and this debt being listed
as one of his liabilities.　In granting
the motion to restrain the attempted
enforcement of a liability discharged
in bankruptcy, the court in the headnotes said:

"A liability of the bankrupt under an agreement for the support and maintenance of his children, was discharged in bankruptcy since statutory provisions against release of liability for maintenance or support of child refers only to involuntary liability when a parent has failed or refused to make provision for support which is furnished by another."

See also:

Yale University v Weissman 5 (2nd Supp.) N. E. Rep. (Mass.) 444.

Shellenberger et al v Mullaney, 78 N. Y. Supp. 432.

Laman v Lock, 240 Mass. 551.

In re Meyers D. C. (N. Y.) 12 Fed. 2nd. 938.

Corpus Juris Secundum, Vol. 8, ¶570, pages 1511-12, incl. and cases cited.

It is significant that since the amendment of the Bankruptcy Act in 1903, the courts have, without deviation or dissent, interpreted that part of the section referred to in this case as including only such liability as is imposed by law and not such as is created by contract. In this we think the legislative intent and purpose in passing the amendment has been correctly interpreted. Contract liabilities have always been discharged in bankruptcy, while it has always been the policy of the Bankruptcy Act to refuse the right of discharge from debts created through certain actionable wrongs.

One who enters into a contract to furnish necessaries for a wife or child on the husband's credit, for a certain price, is entitled to such contract price, but must look to the husband's credit as the only security for payment. This would also be true where one entered into a contract with a mother for the support of her child.

This is not the case, however, where a husband has failed to provide support for his wife or child or a mother for her child, where the circumstances are such as to place the primary responsibility upon her. Such duty is imposed by law. The wilful failure to perform such duty constitutes a crime and is an actionable wrong.

One who furnishes goods or services which are, in law, necessaries, to a destitute wife or child, because of the parents neglect or failure to provide them, has a cause of action to the extent of the reasonable value of the goods or services furnished. This right is said to be quasi contractual but in truth is founded upon the failure to perform a legal duty and therefore is founded in tort.

That the Congress should afford a bankrupt the right of discharge in the one case, founded upon contract and not in the other, where the debtor has failed in the performance of an affirmative duty, is in accord with sound reasoning and justice.

The finding of the court that the debt upon which this action is founded was discharged by the action in bankruptcy was therefore correct and the judgment is affirmed.

LIEGHLEY, PJ., MORGAN, J., concur.

MORGAN, J. (Concurring):

If this were a new question much could be said for the proposition that a claim based on a contract for the maintenance and support of a minor child at the rate of $1.00 per day, represents a debt "for maintenance or support of wife or child" and is therefore under §17a of the Bankruptcy Act not dischargeable in bankruptcy.

Judge Skeel, in his opinion, shows that the courts, beginning with a decision shortly following the amendment of §17a of the Bankruptcy Act in 1903, have uniformly held the contrary.

The fact that Congress in the face of these decisions has not seen fit to amend §17a in this respect, although the Bankruptcy Act has been amended in other particulars since 1903, is a clear indication that the Congress is satisfied with the decisions of the courts in construing the section.