SCHWOLL, APPELLANT, *v.* MEEKS, APPELLEE.

(No. 869—Decided December 14, 1944.)

*Mr. Otis T. Lippincott,* for appellant.
*Mr. John F. Emans,* for appellee.

JACKSON, J. The plaintiff, appellant herein, filed her petition in the Municipal Court of Lima, Ohio, setting forth, in substance, that the defendant is indebted to her for room rent for himself, his wife and his two minor children, at the rate of five dollars per week, as of February 28, 1931, less a credit thereon of seven dollars; and that on February 28, 1931, the defendant acknowledged such indebtedness for room rent to the plaintiff, by written instrument signed by the defendant and his wife, and delivered to the plaintiff; and she prays for judgment against the defendant in the sum of $303, with interest.

To this petition, the defendant, appellee herein, filed an answer asserting that on the 25th day of July 1942, the defendant received a discharge from all of his provable debts, by reason of the proceedings wherein the defendant was adjudicated a bankrupt on the 26th day of March, 1942, in the District Court of the United States for the Northern District, Western Division of Ohio, and that the schedules of the defendant, in the bankruptcy proceeding included the obligation upon which the petition of the plaintiff in the Municipal Court is based.

The plaintiff filed her reply to the answer of the defendant, which reply, in substance, alleges that she admits the proceedings in bankruptcy of the defendant, and that he received a discharge from all of his provable debts, on the 25th day of July 1942, but that the claim asserted by her is not such a claim as is provable in bankruptcy and for which a discharge can be had.

On August 16, 1944, a judgment of no cause of action was rendered in favor of the defendant as against the plaintiff, in the Municipal Court of Lima, Ohio.

From this judgment of the Municipal Court the plaintiff filed an appeal to this court on questions of law from the final order of the Municipal Court, dated August 16, 1944.

The plaintiff has five specifications in her assignment of errors. These five specifications can actually be resolved into one, namely, that the discharge in bankruptcy of the defendant did not operate as a discharge of the obligation sued upon, because it was a non-dischargeable debt under the Federal Bankruptcy Act.

The petition of the plaintiff recites that the defendant is indebted to plaintiff for room rent for himself, his wife and his two minor children, for a period of sixty-two weeks at the rate of five dollars per week, amounting to $310, as of February 28, 1931, less a credit of seven dollars, and that such indebtedness was acknowledged by a written account signed, executed and delivered to the plaintiff by the defendant. The written acknowledgment of the debt was dated February 28, 1931.

The defendant, Walter Cloyd Meeks, received a discharge in bankruptcy on the 25th day of July, 1942.

It is admitted by the plaintiff, in her reply, that she presented her claim in the bankruptcy action, and that the claim of the plaintiff was scheduled in the peti-

tion of the bankrupt at the time of his adjudication as a bankrupt.

Section 17 (2) of the Federal Bankruptcy Act (Title 11, Section 35, U. S. Code) excepts from the operation of a discharge, provable debts which are liabilities "for maintenance or support of wife or child."

The above-quoted portion of clause (2) applies to the common-law liability involuntarily imposed upon a parent for the support of wife or child. It was intended to include liability where a parent had failed or refused to make provision for maintenance and such was furnished by another. It does not include contracted liabilities for goods purchased (although these may be necessaries), medical attendance furnished, or board supplied, by a parent for the use and benefit of the wife or child. Section 17.19, page 1619 of Volume 1 of the Fourteenth Edition of Collier on Bankruptcy.

This clause of the bankruptcy act has been interpreted many times. The leading case with reference thereto is *Schellenberg* v. *Mullaney,* 98 N. Y. Supp., 432, 112 App. Div., 384, 16 American Bankruptcy Reports, 542, Supreme Court of New York, Appellate Division, Second Department, in which the court speaks as follows:

"This last clause refers only to the involuntary liability under the common law for support of wife and children, and to any one who relieves their want; and under bonds, or the like, given for such support by requirement of courts and magistrates. It does not refer to liabilities for goods purchased by a husband or parent, as in this case, and used by wife or child. This latter fact does not change the character of the debt."

Accordingly, the judgment of the municipal court is affirmed.

*Judgment affirmed.*

GUERNSEY, P. J., and MIDDLETON, J., concur.