The GENERAL PROTESTANT OR-
PHANS' HOME, Appellant,

v.

Roger Scott IVEY, Appellee.

No. 12884.

United States Court of Appeals
Sixth Circuit.

Dec. 28, 1956.

Charles J. Armstrong, Cincinnati,
Ohio, for appellee.

Anthony J. De Censo, A. I. Murdock,
Cincinnati, Ohio, for appellant.

Before SIMONS, Chief Judge, and ALLEN and STEPHENS, Circuit Judges.

PER CURIAM.

Appellant filed suit in the state court upon an account, praying judgment for $2,176.77 alleged to be due from appellee for room and board of three of appellee's children. Appellee shortly thereafter filed a petition in bankruptcy listing appellant as an unsecured creditor. Appellant filed no claim in the bankruptcy proceedings and on June 3, 1954, appellee was discharged in bankruptcy. On the same day the case in the state court proceeded to judgment by default in favor of appellant. Subsequently appellant filed proceedings in aid of execution in the state court. Appellee's motion to dismiss such proceedings upon the ground that the debt had been discharged in bankruptcy was overruled.

Appellee then applied to the District Court for an order restraining appellant from enforcing garnishment proceedings against his wages. To the order of the court sustaining appellee's motion and issuing the injunction prayed for, this appeal is prosecuted.

Appellant contends that the issuance of the injunction constituted reversible error upon the ground that the issues raised in the motion for temporary restraining order had already been decided in the state court and under the doctrine of *res judicata* could not again be litigated.

■■ This contention has no merit. While the subject matter of the state court suit and of the bankruptcy proceedings as to this particular claim was identical, the causes of action were not identical. The judgment of the state court did not determine whether the debt had been discharged. All that it established was that a third person, namely, appellant, had a valid outstanding claim against appellee which was due and unpaid. The state court action in no way involved the question whether the debt was included in "Debts not affected by a discharge." Bankruptcy Act, 11 U.S.C. § 35, sub. a(2), 11 U.S.C.A. § 35, sub. a(2). This question was decided by the Bankruptcy Court in the negative on June 3, 1954. As the causes of action were not identical, the doctrine of *res judicata* has no application. United Shoe Machinery Corporation v. United States, 258 U.S. 451, 459, 42 S. Ct. 363, 66 L.Ed. 708.

Under applicable law the account sued upon was a dischargeable debt. 11 U.S. C. § 35, sub. a(2), 11 U.S.C.A. § 35, sub. a(2) provides that a liability "for maintenance or support of wife or child" is included among "Debts not affected by a discharge." However, this clause covers only the liability of a husband and father under the common law for support of wife or child and does not cover his liability to third parties for necessaries furnished for wife or child. In re Lo Grasso, D.C.W.D.N.Y., 23 F.Supp. 340; Wintrode v. Connors, 67 Ohio App. 106, 35 N.E.2d 1018; Schwoll v. Meeks, 76 Ohio App. 231, 63 N.E.2d 831.

■■ The motion, made by appellant in the state court and there granted, to dismiss appellee's motion to restrain appellant from enforcing proceedings in aid of execution, could not set aside or revise appellee's discharge in bankruptcy. The discharge is conclusive on all parties and can only be set aside and reversed in direct proceedings. Bluthenthal v. Jones, 208 U.S. 64, 66, 28 S.Ct. 192, 52 L.Ed. 390.

■ Under its continuing jurisdiction the bankruptcy court is authorized to enforce obedience to its lawful orders, and to make such orders, issue such processes, and enter such judgments, in addition to those specifically provided for, as are necessary to the enforcement of the Act. 11 U.S.C. § 11(13, 15), 11 U.S.C.A. § 11(13, 15). The Bankruptcy Court has power to stay proceedings in other courts against the bankrupt. 1 Remington on Bankruptcy 73; 11 U.S.C. § 29, 11 U.S.C.A. § 29.

The order of the District Court is affirmed.