BOARD OF COMMISSIONERS OF COUNTY OF VANDERBURGH
*v.* FLOWERS.

[No. 19,838.   Filed October 14, 1964.   Rehearing denied
November 9, 1964.   Transfer denied January 14, 1964.]

*Bamberger, Foreman, Oswald and Hahn,* of Evansville, for appellants.

*Sydney L. Berger,* of Evansville, for appellee.

CARSON, J.—This appeal comes to us from the Warrick Circuit Court. The action below was brought by the appellee to recover damages for personal injuries allegedly sustained by the appellee as the result of a fall on a skating rink floor. The skating rink was owned and operated by the appellant, Board of Commissioners, Vanderburgh County.

The issues were formed on the appellee's amended complaint to which the appellant filed an amended answer under Supreme Court Rule 1-3. Trial of the issues thus formed was by jury and resulted in a verdict for the appellee in the amount of $12,500.00 upon which the court rendered judgment.

This action was previously appealed on the question of liability of the Board of Commissioners of Vanderburgh County which appeal was disposed of by the Supreme Court of the State of Indiana in *Flowers* v. *Bd. of Comrs. Vanderburgh County* (1960), 240 Ind. 668, 168 N. E. 2d 224.

Appellant filed a motion for new trial setting up 73 specifications of error only 29 of which are covered in the argument portion of appellant's brief and the others are to be deemed waived by reason of failure to argue.

Upon the issues formed by the pleadings the jury had the responsibility of determining five propositions: first, the negligence, if any, of the defendant; second, the contributory negligence, if any, of the plaintiff; third, the injuries, if any, to the plaintiff; fourth, the proximate cause of such injuries; fifth, the damages which the plaintiff suffered, if any, as a result of such injuries.

At the conclusion of the trial it is the recognized duty of the court to instruct the jury as to the law of the case, which instructions must be within the issues formed by the pleadings and supported by evidence produced during the trial. §2-2008, Burns' 1946 Replacement; *Williams* v. *The College Corner and Richmond Gravel Road Co.* (1873), 45 Ind. 170; *Lake Erie, etc., R. Co.* v. *Beals* (1912), 50 Ind. App. 450, 98 N. E. 453.

In such instructions the court is limited in that the court must not invade the province of the jury with respect to any fact on which the jury is required to make a determination in arriving at its verdict. If the court invades the province of the jury and such invasion is prejudicial to either of the parties then error results which cannot be cured by other or subsequent instructions. 26 West's Ind. D., *Trial*, §296 (1), pp. 580-583 (1953), and cases cited.

We call attention to instruction number five as amended tendered by the plaintiff and given by the court which reads as follows:

"I instruct you that the defendant owed to all persons who paid the admission fee and used the roller skating rink in question, the duty to use reasonable care in the operation of said roller skating rink, and the duty to keep the roller skating rink in a reasonably safe condition so that such persons using the rink would not be unreasonably exposed to danger.

I further instruct you that if you find from a preponderance of the evidence that the defendant breached this duty to the plaintiff, in any of the respects alleged in her amended complaint and that the plaintiff was free from contributory negligence, *that the defendant is liable to the plaintiff for the damages which she sustained* as a proximate result of such negligence, or breach of duty." (Our emphasis)

It is our opinion that this instruction invaded the province of the jury in that it assumed that the plaintiff had been damaged. This was one of the things which the plaintiff was required to prove, and upon which the jury had the responsibility of determination in arriving at its verdict. Such instruction was in our opinion prejudicial to the rights of the defendant and resulted in error which could only have been corrected by withdrawal of the instruction from consideration of the jury. *Washington Hotel Realty Co.* v. *Bedford Stone, etc., Co.* (1924), 195 Ind. 128, 149, 143 N. E. 156. The defendant-appellant timely objected to such instruction and called the trial court's attention to the erroneous and prejudicial language therein contained.

By reason of what we have heretofore stated, it is unnecessary for us to pass upon the other alleged errors, the general rule of law being, where, on appeal, it is determined that the trial court committed reversible error on one point, the Appellate Tribunal need not discuss the other questions in the case. *Tribune-Star Pub. Co., Inc.* v. *Fortwendle* (1954), 124 Ind. App. 618, 115 N. E. 2d 215; *Flowers* v. *State* (1956), 236 Ind. 151, 139 N. E. 2d 185; *Callahan* v. *New York Cent. R. Co.* (1962), 134 Ind. App. 232, 180 N. E. 2d 547, 183 N. E. 2d 93.

For the reasons hereinabove set out the cause is reversed and the trial court is instructed to grant the motion for new trial.

Judgment reversed and remanded.

Faulconer, P. J., Cooper and Ryan, JJ., concur.

NOTE.—Reported in 201 N. E. 2d 571.