SELNER *v.* FROMM AND ROSENBAUM.

[No. 169A20.  Filed October 7, 1969.  No petitions for rehearing or transfer filed.]

*Peter J. Nemeth* and *Nemeth & Nemeth,* of South Bend, for appellant.

*Maurice M. Tulchinsky,* of South Bend, for appellees.

COOPER, J.—This matter comes to us from the St. Joseph Superior Court wherein a judgment was rendered in favor of the appellees-plaintiffs in the amount of $199.00 on their complaint on account.

The record reveals that the appellees filed their amended complaint in two pleading paragraphs. The first pleading paragraph of the amended complaint alleged, in substance, that the appellant, Harold Selner, in a final divorce decree (in another cause of action) was ordered to pay all the necessary medical and dental expenses furnished his four minor children; that appellees herein furnished dental services to two of the appellant's children; that the appellant filed his voluntary petition to be declared a bankrupt, and the aforesaid dental account due and owing to the appellees was scheduled as a debt from which he sought to be discharged. The plaintiffs further alleged that notwithstanding the appellant's subsequent discharge in bankruptcy, that their bill for dental services rendered to appellant's children was not dischargeable for the reason that appellant's obligation was one imposed by law to enforce a parental obligation and not one based on implied contract.

The second pleading paragraph of the plaintiffs' complaint alleged, in substance, that the defendant Doris Selner was indebted to the plaintiffs for the amount claimed.

After the appellant's demurrer was filed and overruled, the appellant filed his answer in two paragraphs, the first paragraph of which was in compliance with Rule 1-3 of the Rules of the Supreme Court of Indiana, and the second paragraph of which set out the affirmative defense of the defendant's discharge in bankruptcy.

The cause thus being at issue, trial was had to the court on an agreed statement of facts. Judgment was rendered for

the appellees-plaintiffs in the amount of $199.00. After an intervening motion to modify the judgment was overruled, the appellant filed his motion for a new trial which alleged as error that the decision of the court is contrary to law. The motion for new trial was overruled and this appeal followed.

Under this cause for a new trial, the decision of the trial court will be set aside as contrary to law only if the evidence is without conflict and can lead to but one conclusion, and the trial court has reached an opposite conclusion. See: *Pokraka* v. *Lummus Co.* (1952), 230 Ind. 523, 532, 104 N. E. 2d 669; *Hinds, Executor, etc.* v. *McNair et al.* (1955), 235 Ind. 34, 41, 129 N. E. 2d 553.

The agreed statement of facts as set out in the bill of exceptions contained in the record is as follows:

"1. That on the 2nd day of August, 1965, Doris Selner, then the wife of Harold R. Selner, requested the medical services of Dr. Alfred Fromm and Dr. Charles H. Rosenbaum, pedodontists, for two of their children.

"2. That the services were performed and were concluded on the 12th day of October, 1965.

"3. That the balance due for said services is in the sum of $199.00.

"4. That on the 10th day of September, 1965, Doris Selner and Harold R. Selner were divorced in an action wherein Doris Selner was the plaintiff and Harold R. Selner was the defendant, St. Joseph Superior Court, Cause No. C6476.

"5. That the divorce decree provided in part as follows, to-wit:

'Plaintiff is awarded the care and custody of the four minor children of the parties . . . Defendant is ordered to pay to the Clerk of the Court for the use of the plaintiff in support of said four minor children of the parties the sum of $55.00 per week . . . Defendant to pay all necessary hospital, medical and dental expenses, including the outstanding account of Doctor Wixted.'

"6. That on the 12th day of November, 1965, Harold R. Selner filed his petition for bankruptcy in the Federal Court for the Northern District of Indiana, South Bend division, Bankruptcy No. 6229.

"7. That in said bankruptcy petition, Harold R. Selner listed a debt owing to Drs. Alfred Fromm and Charles H. Rosenbaum in the sum of $199.00.

"8. *That said debt was discharged in bankruptcy on the 9th day of March, 1966.*" (our emphasis)

Concerning whether the evidence was in conflict, the record shows that the matter was submitted on the above set out agreed statement of facts. The parties *agreed* that the debt upon which appellees based their action was discharged in bankruptcy. The bill of exceptions containing the agreed statement of facts was signed by the trial judge, filed with the clerk and certified by him. The transcript as certified by the clerk imports absolute verity and we are bound by what the record shows. Wiltrout, Ind. Pr., Vol. 3, Sec. 2339, p. 166; I. L. E. Vol. 2, *Appeals,* Sec. 331, and cases cited.

The only evidence before the court being this statement of facts in which the parties *agreed* that the debt was discharged in bankruptcy, the court erred in granting judgment to the plaintiffs on that debt.

Notwithstanding the fact that the record shows that the parties agreed that the appellant was dicharged in bankruptcy from this debt, the appellees have based their position on the contention that their debt was not dischargeable in bankruptcy because the appellant had been ordered by the Court in a divorce decree to pay all necessary hospital, medical and dental expenses. The issue thus presented is whether the appelles herein, as third parties, (as between husband and wife), can avail themselves of the exemption provided in the bankruptcy act for support and maintenance, in order to sustain their action for payment of dental services rendered by them to the children of the appellant, notwithstanding the fact that appellant scheduled that debt in his petition to be declared a bankrupt and was subsequently discharged in bankruptcy.

The record reveals that a final divorce decree in a cause of

action between Doris Selner and the appellant herein, was rendered in the St. Joseph Superior Court on the 10th of September, 1965. Unfortunately, neither the appellant nor the appellees has set out that divorce decree in full. They have set out various parts of said decree and they have paraphrased it, but we are not afforded the opportunity to examine it and determine its exact language. The agreed statement of facts recited that said decree ordered the appellant herein to pay in support of the four minor children of the parties the sum of $55.00 per week, and all necessary hospital, medical and dental expenses.

This Court, in the case of *McCormick* v. *Collard* (1937), 105 Ind. App. 92, 10 N. E. 2d 742, stated at page 95:

> "It seems apparent that the *one who has the actual custody of a minor child by virtue of an order of court* entered in a divorce proceeding is the one who must of necessity see that the child is furnished with proper food and clothing, and that it receives other needed attention, even though the support money, for reasons sufficient to the trial court, may have been ordered paid to some person other than the one granted the custody of the child. If the decree also provides that the father pay designated amounts toward the accomplishment of this purpose, and he fails to do so, and *the person having custody of the child and charged with its actual care and maintenance,* except to the extent that the father has been ordered to contribute, does in fact provide for said child the necessary maintenance, then, in accordance with the dictates of reason and justice, *the father,* being under a legal duty to pay to the extent ordered by the court, *should be held liable to the person to whom the custody of the child was given,* such person not being a volunteer but one upon whom the court has imposed the duty of actually caring for the child's needs, with such assistance as the court has decreed shall be furnished by the father.
>
> "While, strictly speaking, there is no contractual relation between the father and the person awarded the custody of the child, yet the father, in cases of this character, has come under a legal duty to pay the amount awarded, and the custodian of the child under a legal duty to see that the child is supplied with the necessities of life. When the father fails to comply with the court's decree as to pay-

ments for support, *and continuous support is furnished by the person awarded the custody so as to meet exigencies arising,* we are of the opinion that sound public policy requires that *the father be held liable to the one who rightfully meets the present needs of the child where such person has expended for that purpose* an amount equal to or in excess of that which the father was obliged to pay but did not pay for the support of the child." (our emphasis)

See also: *Pavuk* v. *Scheetz* (1940), 108 Ind. App. 494, 500, 29 N. E. 2d 992.

In the case of *Hylek* v. *Hylek,* 148 F. 2d 300, 301, (7th Cir. 1945) the Court stated that in situations where a father has been ordered by a court to make payments for the support of his children:

". . . the obligation is not contractual but is one imposed by law. It is a parental obligation the extent of which is measured by the court's decree."

Based upon the foregoing authority, we are of the opinion that the appellees herein, as third persons, are not the proper parties who may enforce a final divorce decree which said decree required the husband to pay certain sums for the use of the wife in the support and maintenance of their children. *Pavuk* v. *Scheetz* (1940), 108 Ind. App. 494, 29 N. E. 2d 992.

11 U. S. C., Sec. 35, of the Bankruptcy Act provides in part as follows:

"(a)   A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as (2) . . ., or for alimony due or to become due or for maintenance or support of wife or child . . ."

In the case of *General Protestant Orphans' Home* v. *Ivey,* 240 F. 2d 239, 240 (6 Cir. 1956), the Court, when confronted with a factual situation similar to the one herein, interpreted that provision of the bankrputcy act as follows:

"Under applicable law the account sued upon was a dischargeable debt. 11 U.S.C., § 35, sub a (2) provides that a liability 'for maintenance or support of wife or child' is included among 'Debts not affected by a discharge.' *However, this clause covers only the liability of a husband and father under the common law for support of wife or child and does not cover his liability to third parties for necessaries furnished for wife or child. In re Lo Grasso, D.C. W.D. N.Y., 23 F. Supp. 340; Wintrode v. Connors, 67 Ohio App. 106, 35 N. E. 2d 1018; Schwoll v. Meeks, 76 Ohio App. 231, 63 N. E. 2d 831.*" (our emphasis)

The pleadings and the agreed statement of facts herein upon which the case was submitted to the trial court, reveal that the dental bill for which the appellees received judgment below was the same dental bill as that scheduled by the appellant in his petition to be declared a bankrupt. In paragraph 7 and paragraph 8 of the agreed statement of facts, *the parties agreed that the same bill was scheduled and discharged in bankruptcy on March 9, 1966.*

The appellant properly sets out as an affirmative defense in his answer his discharge in bankruptcy. As to the appellees herein, their debt was discharged. They cannot successfully maintain suit thereon because the exception for support and maintenance provided in 11 U.S.C., § 35 of the bankruptcy act as interpreted in *General Protestant Orphans' Home* v. *Ivey, supra,* runs to the wife and child, and not to third parties. The trial court committed reversible error by rendering judgment against the appellant on the appellees' complaint on account based on a debt which had been discharged in bankruptcy.

By reason of what we have heretofore stated, it is unnecessary for us to pass upon other alleged errors. It is an established principle that where it is determined that the trial court committed reversible error on one point, this Court is not required to discuss other points or questions in a given case. *Callahan, Admr.* v. *N.Y.C.R.R. Co.* (1962), 134 Ind. App. 232, 234, 180 N. E. 2d 547; *Finney* v.

*L. S. Ayres & Co.* (1965), 137 Ind. App. 430, 207 N. E. 2d 642; *Board of Comm'rs. etc.* v. *Flowers* (1964), 136 Ind. App. 597, 201 N. E. 2d 571.

Because of all of the above and foregoing reasons, the decision of the trial court is contrary to law and is hereby reversed.

Judgment reversed. Costs taxed against appellees.

Lowdermilk, P.J., Carson and Sullivan, JJ., concur.

NOTE.—Reported in 251 N. E. 2d 127.