**In re Antonio Guissepie MARINO, Debtor.**

**LAKE COUNTY DEPARTMENT OF PUBLIC WELFARE, Plaintiff,**

v.

**Antonio Guissepie MARINO, Defendant.**

**Civ. No. H82–73.**

United States District Court,
N.D. Indiana,
Hammond Division.

April 26, 1983.

Thomas C. Ridgely, Lake County Dept. of Public Welfare, Gary, Ind., for plaintiff.

Robert A. Orlich, Gary, Ind., for debtor Marino.

## ORDER

MOODY, District Judge.

This matter is before the Court on appeal from the decision of the Bankruptcy Court of the Northern District of Indiana holding that the debt owed by the debtor-appellant to the creditor-appellee is nondischargeable in bankruptcy under 11 U.S.C. § 523(a)(5), 1978.

The debt in question arose in 1979 when the Lake County Superior Court, Juvenile Division, made the minor son of the debtor a ward of the Lake County Department of Public Welfare and ordered the debtor to reimburse the welfare department for all monies expended by them in support of the debtor's son. The debtor failed to make any payments, and thereafter filed a Petition in Bankruptcy on August 7, 1981. The welfare department filed a complaint objecting to discharge of the support debt. On December 30, 1981 the Bankruptcy Court entered an order holding that the debt was non-dischargeable under 11 U.S.C. § 523(a)(5).

Section 523(a)(5) reads in pertinent part:

"(a) A discharge under Section 727, 1141 or 1328(b) of this title does not discharge an individual debtor from any debt—. . .

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of both spouse or child in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that—

(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise; or

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support; . . ."

The parties agree that § 523(a)(5) is the governing law in this case, but disagree as to the interpretation of the section. While appellee's argument is not totally clear to the Court, the main thrust of the argument seems to be that the debt is nondischargeable under § 523. In their brief the appellee states:

"The court in its Memorandum Decision found that Congress intended this section to apply to situations where there was an "assignment" of the right to receive support. Nothing in the record of this matter discloses any such assignment of support rights. Secondly, the Appellant contends that there was no debt owed to "a spouse, former spouse or child of the debtor." The Lake County Department of Public Welfare does not contend that it falls within any of these categories. However, it contends that 11 U.S.C. § 523 applies to a limited set of facts and is not to be applied out of context. This was the holding of the Bankruptcy Court. The Bankruptcy Court properly rejected Mr. Marino's contention that his debt was dischargeable under 11 U.S.C. § 523."

Appellant, on the other hand, argues that the debt in question is neither a debt "to a spouse or child" nor a debt "in connection with a separation agreement, divorce de-

cree, or property settlement agreement" as required by § 523(a)(5), and therefore it does not come within the § 523(a)(5) exception to discharge. The issue to be decided in this case is whether a debt owed to a welfare department for support of a minor child is within § 523 and thus nondischargeable.

A debt is generally dischargeable in bankruptcy. *In Re Cross,* 666 F.2d 873 (5th Cir.1982). One of the primary purposes of the bankruptcy act is to give the debtor a fresh start "unhampered by the pressure and discouragement of preexisting debt". *Perez v. Campbell,* 402 U.S. 637, 648, 91 S.Ct. 1704, 1710, 29 L.Ed.2d 233 (1971). Therefore, a debt is dischargeable unless it is specifically excepted from discharge by § 523. In keeping with the purpose of the act, exceptions are to be strictly construed. *Cross,* 666 F.2d at 880; *Household Finance Corp. v. Danns,* 558 F.2d 114 (2d Cir.1977); *In Re Vickers,* 577 F.2d 683 (10th Cir.1978). The creditor objecting to discharge bears a heavy burden of proof to establish that the debt is squarely within the statutory exception. *Household Finance,* 558 F.2d at 116. It is with these principles in mind that the court reviews the Bankruptcy Court's decision that the debt in question is nondischargeable under § 523(a)(5).

Under § 523(a)(5) a debt must meet three requirements to be nondischargeable. First, the debt must actually be for or in the nature of alimony or support. *In the Matter of Spong,* 3 B.R. 619 (Bkrtcy.W.D.N.Y.1980); *In Re Morris,* 14 B.R. 217 (Bkrtcy.D.Colo.1981). Next, the debt must be to a spouse or child. *Morris,* 14 B.R. 217; *In Re Daiker,* 5 B.R. 348 (Bkrtcy.D.Minn.1980); *Spong,* 3 B.R. 619. Finally, the debt must be "in connection with a separation agreement, divorce decree, or property settlement agreement." *In Re Leach,* 15 B.R. 1005 (Bkrtcy.W.D.N.Y.1981); 3 *Collier on Bankruptcy,* ¶ 523.15[2] (15th ed. 1982); 9A Am.Jur.2d § 803 (2d Ed.1982).

In the present case the debt arose when the debtor's son was made a ward of the welfare department and the debtor was or-

dered to reimburse the welfare department. The Bankruptcy Court held that the welfare department acted in "loco parentae" in expending monies in support of the debtor's son and therefore, the debt was in the nature of support. It made no finding as to whether the debt was to a child or spouse. The Bankruptcy Court acknowledged that § 523(a)(5) requires a debt to be in connection with a "separation agreement, divorce decree, or property settlement" but held that

> "Congress did not intend to limit the nondischargeability of support and maintenance obligations to those which arose in connection with this limited enumeration of agreements. Congress instead intended that this list reflect the intention that where the need for support arises in connection with a set of familial negotiations such transaction may be deemed nondischargeable if it is in the nature of support."

Other courts have held that debts such as this one, owed to third parties for necessities furnished to a spouse or a child were in the nature of support. *In Re Leach,* 15 B.R. 1005 (Bkrtcy.W.D.N.Y., 1981); *Williams v. Department of Social & Health Services,* 529 F.2d 1264 (9th Cir.1976). Although the Bankruptcy Court made no finding as to whether the debt was "to a spouse or child", the legislative history of § 523(a)(5) makes it clear that only debts owed directly to a spouse or child are included.

> "[523(a)(5) ] excepts from discharge debts to a spouse, former spouse, or child of the debtor . . . This language . . . will apply to make nondischargeable only alimony, maintenance or support *owed directly* to a spouse or dependent."

H.Rep. No. 595, 95th Cong., 1st Sess. 361, 365, *reprinted in* [1978] U.S.Code Cong. & Admin.News 5787, 5865, 6320.

Some courts have held that a debt, similar to the debt in question, owed to a third party for necessities provided to a spouse or child are not within the exception to § 523(a)(5). *General Protestants Orphans Home v. Ivey,* 240 F.2d 239 (6th Cir.1956)

(interpreting the former code 11 U.S.C. § 35(17a). *In the Matter of Duckson*, 13 B.R. 373 (Bkrtcy.S.D.Ohio 1981); *In Re Daiker*, 5 B.R. 348 (Bkrtcy.D.Minn.1980). Appellant argues that the welfare department is clearly not the debtor's spouse or child and, therefore, the debt is not within § 523(a)(5)'s nondischargeable exceptions.

Other courts, however, have found such debts to be nondischargeable despite the fact that they were not owed directly to a spouse or child. *In Re Morris*, 14 B.R. 217 (Bkrtcy.D.Colo.1981); *Williams*,[1] 529 F.2d 1264 (interpreting former § 17(a) of Act). *Spong*, 3 B.R. 619 (debt owed to attorney.)

In *Morris*, the issue was whether a debt to an attorney for fees in connection with the attorney's representation of the debtor's child during divorce proceedings was dischargeable. The court held that the fee which was ordered by the state court was in the nature of support, and it was nondischargeable despite the fact that the debt was to be paid to the attorney rather than the child. Acknowledging that § 523(a)(5) requires the debt to be to the spouse or child, the court proceeded to distinguish between the duty of payment "to" a child and the actual payment. The court concluded that the code does not equate the child's right to payment with the right to receive payment and held that § 523(a)(5) included cases where the child's right to payment is a right only to payment of a third party. The court reasoned that in most states the parental duty of support is owed to the child, but that this duty is often discharged by payment to third parties who have furnished goods or services to the child. The court therefore held that § 523(a) requires only that the duty of payment at issue be one which the child is owed as the offspring

of the debtor and not as a payee creditor. *Morris*, 529 F.2d at 1267.

It may be argued that in the present case the debtor has a duty of support to his child and the fact that the welfare department is to receive the payments does not mean that the debt is not to a spouse or child. The duty of payment is one owed to the child as offspring of the debtor which may be discharged by payment to a third party.

Regardless of whether the debt in question is found to be "to a spouse or child", cases such as *Morris*, holding that such debts are nondischargeable, may be distinguished from the present case. Section 523(a)(5) also requires debts to be "in connection with a separation agreement, divorce decree, or property settlement." The debt in *Morris* was in connection with a divorce decree. In fact, the *Morris* case acknowledges this requirement. 15 B.R. at 218 n. 3. The debt in this case was not "in connection with a separation agreement, divorce decree, or property settlement."

As noted earlier the Bankruptcy Court acknowledged this requirement. However, it held that Congress did not intend to limit non-dischargeability of support and maintenance obligations to those that arose in connection with this limited enumeration of agreements. Therefore, even though the debt in this case was not "in connection with a separation agreement, divorce decree or separation agreement," it was nondischargeable under § 523(a)(5).

The Bankruptcy Court cites no authority for its holding. Although the legislative history of § 523(a)(5) fails to discuss the meaning of this phrase, other courts and authorities have. 3 *Collier on Bankruptcy*, ¶ 523.15[2] (15th ed. 1982); *In Re Leach*, 15 B.R. 1005 (Bkrtcy.D.Conn.1981); *In Re Mor-*

---

1. The *Williams* Court found that the debt a father owed to a welfare department was in the nature of support. It held that the fact that the funds flowed to state treasuries rather than directly to the children did not alter the fact that the obligation was for maintenance and support and was therefore nondischargeable. However, *Williams* can be distinguished from the present case by the fact that the *Williams* case was decided prior to the 1978 Bankruptcy

Act and was interpreting 11 U.S.C. § 35. Unlike § 523(a)(5), Section 35 had no requirement that the debt be "to a spouse or child". It has been posited that the that addition of this requirement under § 523(a)(5) has overruled cases such as *Williams* which prevented a discharge of debts owed to state agencies for child support payments made by those agencies to a spouse or child. *Bankruptcy L.Ed.,* § 22:34 (1st ed. 1979).

*ris,* 14 B.R. 217 (Bkrtcy.D.Colo.1981); 9A Am.Jur.2d § 804 (2d ed. 1980);[2] Bankruptcy L.Ed. § 22:34 (1st ed. 1979).

> Section 523(a)(5) also excepts from the operation of a discharge debts for "maintenance for, or support of both spouse or child." *This provision applies only "in connection with a separation agreement, divorce decree, or property settlement agreement."* This qualifying clause did not appear in section 17(a)(7) of the Bankruptcy Act, and represents a significant change. Section 17(a)(7) was construed to apply to common law liability involuntarily imposed upon the parent for the support of a child. The provisions of section 523(a)(5) are clear that liability for maintenance and support are dischargeable unless the liability arises in connection with a separation agreement, divorce decree, or property settlement agreement.

3 *Collier on Bankruptcy,* ¶ 523.15[2] (15 ed. 1982). (emphasis added)

The case of *In Re Leach,* 15 B.R. 1005 (Bkrtcy.D.Conn.1981) specifically discusses the "in connection" requirement. In *Leach,* the debtor owed the state for child support payments it had made to the debtor's children. The issue was whether a debt occasioned by a grant of public assistance to the debtor's children was nondischargeable under § 523(a)(5). The court found that the debt was dischargeable because it was not "in connection with a separation agreement, divorce decree, or property settlement agreement" as required by § 523(a)(5).

> "The parties have overlooked the plain language of the Code § 523(a)(5) to the effect the debt must be in connection with a separation agreement, divorce decree, or property settlement agreement . . . .

No claim was made in this proceeding that the child support debt had such an origin. I therefore conclude that the debt . . . is not excepted from discharge by Code § 523(a)(5)(A). . . . "

*Id.* at 1007.

■ The same is true in the present case. The debt to the welfare department arose from a court order. It was not "in connection with a divorce decree, separation, or property settlement agreement." Therefore, the debt to the welfare department does not meet the requirements of § 523 and, thus, is dischargeable in bankruptcy.

The Court has been unable to discover any authority for the Bankruptcy Court's interpretation of § 523(a)(5). Therefore, construing the exception strictly and in accordance with the weight of authority, the Court holds that § 523(a)(5) requires the debt to be "in connection with a separation agreement, divorce decree, or property settlement agreement" to be nondischargeable. Since the debt in question was not, the decision of the Bankruptcy Court that the debt to the welfare department is nondischargeable is REVERSED and the case REMANDED for proceedings consistent with this order.

---

**2.** In *General Protestants,* 240 F.2d 239 (6th Cir. 1956), the debtor owed an orphans home for the room and board of his minor children. The court held that the debt was dischargeable because it was owed to a third party rather than to his spouse or child. It has been pointed out that the requirements of § 523(a)(5) that the debt be "in connection with a separation agreement, divorce decree, or property settlement"

would take cases such as *General Protestants* outside the scope of nondischargeable maintenance of support debts since there was no such decree or agreement evidence in the *General Protestants* case. 9A Am.Jur.2d § 804 (2d Ed. 1980). Similarly in this case the debt is not in connection with such a decree or agreement as required by § 523(a)(5).